■ CHARLES H. WRIGHT, Rspondent, v. JOHN DAY, JR., Appellant. CLYDE JOHNSON, Respondent, v. JOHN DAY, JR., Appellant.— REYNOLDS, J. Appeal from judgments of the Supreme Court, Chenango County, entered on jury verdicts in favor of the respondents. The facts presented here differ only in one respect, discussed *infra*, from those set forth in *Matter of Day* v.

*Smyrna Fire Dept.* ·(27 A D 2d 341) in which this court reversed a decision of the Workmen's Compensation Board on the ground that the record did not support the board's holding that Day "had terminated and deviated from line of duty as a volunteer fireman prior to the time the car went off the road". In the instant case, however, it is Day's passengers in his car who seek recovery against him. Day asserts that recovery against him by his coemployees is precluded by sections 19 and 20 of the Volunteer Firemen's Benefit Law and of subdivision 6 of section 29 of the Workmen's Compensation Law which section 20 expressly incorporated. Moreover, Day asserts in effect that our prior decision in his compensation case is *res judicata* as to the issue of deviation from duty, but since the repondents were not litigants in that proceeding, the principle of *res judicata* is clearly not applicable (*Brooks* v. *Horning,* 27 A D 2d 874). The issue of deviation from duty is factual and the question therefore is whether the jury's verdict that the accident did not occur in the line of duty is against the weight of the evidence. As noted, the facts presented do not materially differ from those developed in the compensation proceeding, except that there is here also evidence that while at the Otselic Valley Inn, Day and the respondents undertook to deliver a truck owned by one Glenn Webb, to Sherburne, some four miles beyond the Village of Smyrna. However, while such delivery of the truck was begun it was almost immediately abandoned when the truck developed difficulties and at the time of the accident Day and the respondents had resumed their homeward journey in the same manner and on the same highway as they would have been if the abortive delivery had never been undertaken. Thus, whatever bearing the truck delivery had on the issue was clearly vitiated by its subsequent termination and the return to the normal route home. Accordingly, we find advanced here no more evidence that there was a departure from employment than was present in the compensation case and thus no more support for the jury's verdict than the decision of the board. Judgments reversed, on the law and the facts, and complaints dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.